IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01462-RPM

DISH NETWORK, L.L.C., f/k/a
ECHOSTAR SATELLITE L.L.C.,

        Plaintiff,

v.

CRAIG CHRISTIANSON,

        Defendant.
_____

ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT
_____

On July 11, 2008, Dish Network L.L.C. filed an application to confirm arbitration award entered by an arbitration panel on June 9, 2008, in the form of a grant of a motion for summary judgment. The application was filed pursuant to the Federal Arbitration Act, 9 U.S.C. § § 9 and 13. The application included Exhibit A, a copy of an Echostar retail agreement between Echostar Satellite L.L.C. and DigitalLinksSatellite Com and a copy of the Order Granting Motion for Summary Judgment and Award of the Arbitrators, Exhibit B. The defendant Craig Christianson filed Motion to Vacate Arbitration Award on November 10, 2008, asserting that the arbitration panel had no jurisdiction because no signed retail agreement had been submitted to it and because Craig Christianson as an individual was not a party to any agreement containing an arbitration clause. The defendant has also asserted factual support for a contention that there is no liability on the merits of the dispute.

The plaintiff filed its response on November 28, 2008, asserting that the motion to vacate is time-barred under the three-month limitation found in 9 U.S.C. § 12. The defendant Christianson filed a reply on December 18, 2008, repeating his earlier arguments but failing to address the timeliness issue. Because the motion to vacate has not been timely filed, the defendant has waived his jurisdictional claim. Accordingly, it is

ORDERED that the application to enforce the award is granted and the Clerk shall enter judgment for the recovery by Dish Network L.L.C., f/k/a Echostar Satellite L.L.C. from the defendant Craig Christianson in the amount of $925,663.38 plus 10% per annum interest from June 30, 2008, until the date of judgment with the judgment to bear interest at the statutory rate. The plaintiff's request for the entry of attorney's fees and costs other than statutory costs is denied because it is based on provisions of the retail license agreement and this court has not adjudicated the merits of the dispute as to whether that agreement is binding on the defendant Craig Christianson, individually.

DATED: January 20th, 2009

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior Judge